IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv118-D |
| | ) | WO |
| DWAYNE LAMAR HAWKINS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion to Set Aside and/or Vacate or in the Alternative, Motion to Amend*" (Doc. 1) filed by federal inmate Dwayne Lamar Hawkins ("Hawkins") on February 4, 2005.[1] By his motion, Hawkins challenges the sentence of 210 months' imprisonment imposed upon him by this court in 1999 for distribution of cocaine base. Upon review of Hawkins's motion, the court concludes that he is entitled to no relief.

**I. DISCUSSION**

In challenging his sentence, Hawkins relies on the provisions of FED.R.CRIM.P. 35. However, that rule does not authorize an attack on the sentence in this case. FED.R.CRIM.P.

---

[1] Although the motion is date stamped "received" on February 9, 2005, the motion was signed by Hawkins on February 4, 2005. A pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Hawkins's motion] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and without any contradictory evidence, the court assumes that February 4, 2005, should be considered the date of filing for Hawkins's motion.

35(a) provides that "[w]*ithin 7 days after sentencing*, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." (Emphasis added.) Sentencing for Hawkins took place on April 15, 1999. *See United States v. Hawkins*, CR. NO. 2:98cr130 - Court Doc. 132. The present motion was filed on February 4, 2005. Thus, assuming (without so finding) that Hawkins sets forth claims falling under the ambit of Rule 35(a), an attempt to challenge his sentence under that rule would be untimely. Furthermore, FED.R.CRIM.P. 35(b) provides for the reduction of a sentence, "[u]pon the government's motion," based upon a defendant's providing "substantial assistance in investigating or prosecuting another person." Consequently, FED.R.CRIM.P. 35(b) does not afford Hawkins an appropriate vehicle for attacking his sentence.

In his motion, Hawkins claims that his sentence violates the holdings of *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004). This claim attacks the fundamental validity of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction or sentence, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained

in 28 U.S.C. §§ 2255 and 2244(b)(3)(A).[2]  *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).  Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the AEDPA simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245.  "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).  Hawkins seeks relief from this court which is appropriate only under 28 U.S.C. § 2255.  Thus, this court construes the present action to contain a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255.

This is the second § 2255 motion filed by Hawkins attacking his conviction and sentence.  All claims presented in Hawkins's initial § 2255 motion, filed on February 13, 2002, were decided adversely to Hawkins.  *See United States v. Hawkins*, CIV. NO. 2:02cv175 - Doc. 19 - *June 10, 2004, Recommendation of the Magistrate Judge* (adopted as

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

judgment of the court by final order of July 8, 2004 - Doc. 20). The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

    The pleadings and documents in this case reflect that Hawkins has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Hawkins's present motion, and the motion is due to be summarily dismissed.[3]

---

[3]Aside from the statutory bar on which this Recommendation is based, Hawkins's likelihood of success on his substantive claim is nil. His claim is premised on *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), neither of which is retroactively applicable to cases pending on collateral review. *In re Dean*, 375 F.3d 1287 (11th Cir. 2004); *In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005).

4

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Hawkins on February 4, 2005, be denied and this case dismissed, as Hawkins has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 9, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 25th day of April, 2005.

           /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE